Jeffrey A. LeVee (State Bar No. 125863)
jlevee@JonesDay.com
Rachel H. Zernik (State Bar No. 281222)
rzernik@JonesDay.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:  +1.213.489.3939
Facsimile:   +1.213.243.2539

Attorneys for Defendant
INTERNET CORPORATION FOR
ASSIGNED NAMES AND NUMBERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VERISIGN, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>XYZ.COM AND DANIEL NEGARI,<br><br>　　　　Defendants. | Case No. 2:15-mc-229-CAS (Ex)<br><br>(Case No. 1:14-cv-1749-CMH-MSN pending in E.D. Va.)<br><br>**ICANN'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO VERISIGN'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>[SECOND DECLARATION OF JEFFREY A. LEVEE FILED CONCURRENTLY]<br><br>**DATE:  AUGUST 28, 2015<br>TIME:  9:30 AM<br>COURTROOM:  20** |

# INTRODUCTION

As ICANN explains in its portion of the Joint Stipulation regarding Verisign's Motion to Compel ("Motion"), Verisign served its Motion on ICANN on July 15, 2015, without any prior notice and after a full month of silence, abruptly ending what ICANN believed to be an ongoing meet-and-confer process. Over a week after ICANN provided its portion of the joint briefing to Verisign, but before Verisign actually filed the Motion, Verisign sent ICANN another letter proposing further negotiations regarding the scope of the subpoena ("July 31 Letter"). (Second Declaration of Jeffrey A. LeVee In Opposition to Motion to Compel ("Second LeVee Decl.") Ex. A (July 31 Letter).)

The July 31 Letter, however, did not address the issues raised in ICANN's portion of the Joint Stipulation, and in fact sought to change (and in some instances broaden) the original document requests contained in the subpoena. ICANN does not know whether Verisign will submit the July 31 Letter to the Court in conjunction with its reply brief, but in anticipation that Verisign will do so, ICANN submits this memorandum to explain why ICANN refused to agree to any of Verisign's last minute proposals.

# ARGUMENT

ICANN briefly describes below ICANN's reasons for rejecting Verisign's July 31 proposals, none of which narrowed Verisign's overbroad document requests and many of which sought to change or broaden the scope of the requests.

**Requests No. 5 and 6**

Requests 5 and 6 sought communications between ICANN and XYZ.com or Daniel Negari (the defendants in the underlying lawsuit) "concerning Verisign or the .COM gTLD, including but not limited to the availability of unregistered domain names in the .COM gTLD." As explained in the Joint Stipulation, ICANN has already agreed to produce responsive documents from the files of the agreed-

upon custodians, and has already searched for such documents.  (Joint Stipulation at 17-18.)

In its July 31 Letter, Verisign asked for an entirely *different* set of documents—those "mentioning 'XYZ,' 'Negari,' 'Carpenter,' 'd@xyz.com,' 'd@cyber2.com,' or 'gc@xyz.com.'"  (LeVee Decl. Ex. A (July 31 Letter).)  As ICANN explained in its written response to Verisign, these are not the documents originally sought in Requests 5 and 6, and the revised requests would require that ICANN conduct an entirely new search for responsive documents.  (*Id*. Ex. B (August 4, 2015 Letter from J. LeVee to N. DePalma ("August 4 Letter")).)

**Request No. 8**

Verisign's Request No. 8 was exceedingly overbroad, seeking "all documents regarding the .XYZ gTLD, XYZ.com, and/or Daniel Negari."  As ICANN explained in the Joint Stipulation, during the parties' meet and confer, Verisign refused to narrow this request in any way.  Verisign made its first attempt to revise the request in the July 31 Letter.  However, Verisign's "narrowed" proposal was actually *broader* because it modified the request to now ask for all documents "mentioning 'XYZ,' 'Negari,' 'Carpenter,' 'd@xyz.com,' 'd@cyber2.com,' or 'gc@xyz.com.'"  (LeVee Decl. Ex. B (July 31 Letter).)  In addition to the obvious burden problems associated with this reformulation, Verisign still has not demonstrated how these documents are in any way relevant to Verisign's single Lanham Act claim against XYZ.com and Daniel Negari.

**Request No. 11**

Request No. 11 sought "all reports submitted by XYZ.COM or Negari to ICANN."  As explained in the Joint Stipulation, ICANN repeatedly asked for clarification regarding what "reports" Verisign sought because delegated gTLDs are subject to various types of reporting, and questioned why Verisign could not seek those reports from XYZ.com or Negari, the parties in the underlying action that

actually prepared the reports.  (Joint Stipulation at 20.)

In its July 31 Letter, Verisign for the first time stated that it now seeks documents regarding  "Ticket ID: HSW-021-84326," which is a compliance ticket initiated by ICANN and unrelated to any "report" submitted by XYZ.com or Negari. Verisign then proposed to significantly expand the scope of Request No. 11 by requesting documents submitted by XYZ.com or "other parties" regarding that ticket, as well as "any documents reflecting ICANN's evaluation and review of [that ticket]."  (LeVee Decl. Ex. A (July 31 Letter).)

None of these documents are "reports" submitted by XYZ.com or Negari to ICANN, which are the documents actually sought in Request No. 11.  Accordingly, ICANN did not agree to Verisign's proposal to belatedly and substantially broaden the scope of this request.   (LeVee Decl. Ex. B (August 4, 2015 Letter from J. LeVee to N. DePalma).)

**Request Nos. 12 and 13**

Along with the July 31 Letter, Verisign finally produced a copy of the briefing and hearing transcript requested by ICANN almost two months earlier related to the protective order dispute that the parties litigated in Virginia.  (LeVee Decl. Ex. A (July 31 Letter).)  However, ICANN is not a party to the underlying litigation and, for the reasons ICANN already has explained, ICANN objects to a protective order that does not limit the disclosure of certain highly confidential documents to outside counsel only.

**Request No. 16**

Request No. 16 seeks "[a]ll documents reflecting any conduct by any registrar that is similar to the XYZ Promotion."  As explained in the Joint Stipulation, this request is ill-framed, purporting to ask ICANN to determine what conduct constitutes conduct "similar to the XYZ Promotion" with respect to potentially hundreds of gTLDs.  (Joint Stipulation at 23-24.)  During the parties'

meet and confer, Verisign never mentioned this request and never specified what it was actually seeking.  Over 700 new gTLDs have been delegated through the New gTLD Program,[1] ICANN has contracted with numerous registry operators for over 1,100 gTLDs, and over 1,700 registrars are ICANN-accredited.

In the July 31 Letter, Verisign for the first time identified a list of eight registrars and three registries.  However, this is not an effective narrowing.  Verisign's list is still overbroad, because those eight registrars each sell domain name registrations for hundreds of gTLDs.  More importantly, Verisign's request still would require ICANN to determine what conduct by a registrar or registry in relation to some unspecified gTLD(s) constitutes conduct "similar to the .XYZ Promotion," a determination that ICANN, which is not a party to this litigation, cannot and should not have to make.  For these reasons, the Court should not require ICANN to produce documents in response to Request No. 16.

## CONCLUSION

Verisign's conduct in the meet and confer process with ICANN has been utterly nonproductive, including Verisign's proposals to ICANN after ICANN had already returned its portion of the Joint Stipulation to Versign.  ICANN has agreed to produce documents relevant to Verisign's single Lanham act claim against Defendants in the underlying action.  The remainder of Verisign's requests are overbroad, unduly burdensome, irrelevant to Verisign's single claim against the defendants, and available from the Defendants in the underlying litigation.

ICANN respectfully requests that Verisign's Motion to Compel be denied in its entirety.

---

[1] http://newgtlds.icann.org/en/program-status/statistics.

| | | |
|---|---|---|
| 1 | Dated: August 14, 2015 | JONES DAY |

By: */s/ Jeffrey A. LeVee*
      Jeffrey A. LeVee

Attorneys for Defendant
INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS